Fi
12/31/2020 3:53
Esther Degoll
District Cl
Webb Dist
Sara Lo
2020CVA002266

CAUSE NO. _____2020CVA002266D4_____

| | | |
|---|---|---|
| CLAUDIA CONSUELO MORALES AND RENE BLUM | §§§§ | IN THE DISTRICT COURT |
| VS. | §§§ | _____ JUDICIAL DISTRICT |
| JOE FRITZ WENNMOLT AND FRENCH TRUCKING INC. | §§§ | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes CLAUDIA CONSUELO MORALES and RENE BLUM hereinafter referred to as "Plaintiffs," and files this, Plaintiffs' Original Petition with Requests for Disclosure and Attached Discovery, complaining of JOE FRITZ WENNMOLT and FRENCH TRUCKING, INC., hereinafter referred to as "Defendants," and for cause of action would show unto this Court as follows:

I.

Discovery in this cause is intended to be conducted under Discovery Control Plan - Level 3 as set forth in TEX. R. CIV. P. 190.

II.

Plaintiffs are residents of Hidalgo County, Texas.

Defendant JOE FRITZ WENNMOLTS is a resident of Fulton, Fulton County, Kentucky who may be served with process by serving a citation with a copy of Plaintiffs' Original Petition with Requests for Disclosure and Attached Discovery on Defendant JOE FRITZ WENNMOLTS at his residence located at 806 West Highland Dr., Fulton, Kentucky 42041 or wherever he may be found by private process.

Defendant FRENCH TRUCKING INC. is a For-profit Domestic Corporation doing business in Texas under the laws of the State of Texas who can be served with process by serving a citation with a copy of Plaintiffs' Original Petition with Requests for Disclosure and Attached Discovery to its Registered Agent, Rickey French, 160 Bud Crocket Drive, Lexington, Tennessee 38351 or wherever he may be found by private process.

### III.

Venue is proper in Webb County Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because the collision made the basis of this lawsuit occurred in Webb County, Texas.

### IV.

Plaintiffs would show that on or about January 2, 2019, Plaintiffs were parked in a private parking lot in Webb County, Texas when Defendant, JOE FRITZ WENNMOLTS failed to keep a proper lookout while reversing and in doing so proximately caused a collision with Plaintiffs' vehicle. The vehicle being operated by Defendant, JOE FRITZ WENNMOLTS was owned and operated by Defendant, FRENCH TRUCKING INC. Defendant, JOE FRITZ WENNMOLTS failed to observe traffic conditions, failed to apply his brakes in a timely manner and failed to take reasonable evasive actions to avoid the collision.

As a proximate result of Defendants acts and omissions and the collision, Plaintiffs sustained personal injuries and damages as set forth in Paragraph VII.

### V.

Plaintiffs' state the collision in question, as set out in Section IV, was caused by various acts and/or omissions of negligence of the Defendants and that said acts and/or omissions violated the duty owed to Plaintiffs by Defendants to exercise ordinary care in the operation of a motor

2

vehicle. Each of the acts and/or omissions, singularly or in combination with others, constitutes negligence, which proximately caused the collision and the injuries and damages, which Plaintiffs have suffered.

VI.

At all times material hereto, Defendant, JOE FRITZ WENNMOLTS was in the course and scope of his employment with Defendant, FRENCH TRUCKING INC. Defendant, JOE FRITZ WENNMOLTS and Defendant, FRENCH TRUCKING INC. are jointly and severally liable for the incident and damages set out herein.

VII.

Plaintiffs will show that, as a result of the aforementioned collision and resulting personal injuries, Plaintiffs have incurred reasonable and necessary medical expenses for treatment from the time of the collision in question to the present time, and will, in all probability, continue to incur reasonable and necessary medical expenses for Plaintiffs' treatment in the future.

Plaintiffs will also show that, as a result of the aforementioned collision and resulting personal injuries, Plaintiffs have been caused to sustain physical pain and suffering and mental anguish from the time of the collision in question up to the present time, and will, in all probability, continue to suffer such physical pain and suffering and mental anguish in the future.

Plaintiffs will further show that, as a proximate result of the aforementioned collision and resulting personal injuries, Plaintiffs have sustained physical impairment from the time of the collision in question up to the present time, and will, in all probability, continue to suffer such physical impairment in the future.

## VIII.

Plaintiffs will further show that they are entitled to recover interest for all elements of damages recovered for which the law provides, for pre-judgment interest beginning on either the 180th day after the Defendants receive written notice of claim or the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is entered at the prejudgment interest rate governed by the Revised Civil Statutes of the State of Texas. Additionally, Plaintiffs are entitled to recover post-judgment interest at the statutory rate as set out in of the Revised Civil Statutes of the State of Texas, beginning the day judgment is entered until the day preceding full and complete satisfaction of said judgment, and for court costs.

## IX.

Plaintiffs state that, as a result of the above and foregoing elements of damages, they have been damaged as set out above in an amount within the jurisdictional limits of this Court. The amount of money that would fairly and reasonably compensate Plaintiffs are to be decided by the judge and jury in this case and Plaintiffs state that regardless of the amount ultimately set forth by the judge and jury the maximum amount of damages sought are over $200,000.00 but not more than $1,000,000.00.

## X.

Further, pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XI.

Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in the attached: Plaintiffs' First Set of Interrogatories; First Requests for Production, and First Request

4

for Admissions to Defendant JOE FRITZ WENNMOLTS (Attached as Exhibit A) and Plaintiffs' First Set of Interrogatories; First Requests for Production, and First Request for Admissions to Defendant FRENCH TRUCKING INC. (Attached as Exhibit B).

### XII.

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (RonS@davislaw.com; ErikaK@davislaw.com; MelissaO@davislaw.com). This is the undersigned's ONLY electronic service email addresses, and service through any other email addresses will be considered invalid.

### XIII.

Plaintiffs hereby demands a trial by jury and herewith tenders the jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be served with process and appear and answer herein, and that, upon final hearing, the Plaintiffs has judgment from the Defendants for such amounts as Plaintiffs may be entitled to receive herein for all elements of damages recovered for which the law provides, including, but not limited to, actual damages, pre-judgment interest, post-judgment interest, costs of court, other costs the Court deems to be appropriate, and such other and further relief, both general and special, at law or in equity, which Plaintiffs may be justly entitled to receive, whether specifically prayed for or not.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Dr., Suite 102
San Antonio, TX 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1463
Email: RonS@davislaw.com

By: ___/s/ Ron Salazar___

5

RON SALAZAR, *OF COUNSEL*
Texas Bar No. 00788341

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT "A"

CAUSE NO. _____

| | | |
|---|---|---|
| CLAUDIA CONSUELO MORALES AND RENE BLUM | § § § | IN THE DISTRICT COURT |
| | § § | |
| VS. | § § | _____ JUDICIAL DISTRICT |
| | § § | |
| JOE FRITZ WENNMOLT AND FRENCH TRUCKING INC. | § § | WEBB COUNTY, TEXAS |

## EXHIBIT A - PLAINTIFFS' FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOE FRITZ WENNMOLT

TO: Defendant Joe Fritz Wennmolt
806 West Highland Dr.
Fulton, Kentucky 42041

Now comes Plaintiffs, pursuant to TEX. R. CIV. P. 196, 197 and 198, and serves the following First Set of Interrogatories, First Requests for Production and First Request for Admissions to Defendant JOE FRITZ WENNMOLT. These requests are being served upon Defendant and Defendant is notified that Plaintiff specifies that the Answers, Responses and Objections shall be served on the first business day after the expiration of fifty (50) days after the service of said First Set of Interrogatories, First Requests for Production and First Request for Admissions. Defendant is advised that absent a signed agreement filed of record in this cause, no agreement extending the time for objecting to discovery will be allowed, and said objections shall be considered waived.

Defendant is to provide responses and produce documents requested for the purposes of this action only, and subject to all pertinent objections to admissibility which may be interposed at trial. If no denial is made within fifty (50) days after the receipt hereof, the request will be deemed admitted under the provisions of the Texas Rules of Civil Procedure.

**PLEASE NOTE THAT THE FOLLOWING DEFINITIONS
AND INSTRUCTIONS ARE AN INTEGRAL PART OF THESE
INTERROGATORIES AND REQUEST FOR PRODUCTION**

## DEFINITIONS AND INSTRUCTIONS

A. As used in this document **"Plaintiffs"** shall mean **CLAUDIA CONSUELO MORALES** and **RENE BLUM.**

B. As used in this document **"You", "Your"** or **"Defendant"** shall mean **JOE FRITZ WENNMOLT.**

C. As used in this document, **"incident" or "collision"** shall mean the collision as described in Plaintiffs' latest live pleading.

D. As used in this document, **"location"** shall mean the particular place or position of items being referenced in the request.

E. The term **"person"** includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

F. The masculine gender as used herein includes the feminine and neuter genders.

G. **"Identify" or "Identification"** means:

    1. When used in reference to a natural person, "identify" or "identification" means to state his or her full name and present or last known address, present employer (if employed by the party to whom these interrogatories are directed, then identify the particular organization for whom he or she works), present business address, present occupational title and position, his or her past or present affiliation with the party to whom these interrogatories are directed, each former position or title held with the party to whom these interrogatories are directed during the applicable time period, specifying in each instance the title or position and the dates so held.

    2. When used in reference to a person who is not a natural person (e.g., a public or private corporation, partnership, association, or other organization, or a governmental agency) give its full name and present or last known business address of its principle place of business and principle business activity.

    3. When used in reference to a document, "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identify of each of its present custodians and shall include documents with respect to which a

privilege is or may be claimed. If such document was, but no longer is, in your possession or subject to our control, state whether it is (a) missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; (d) otherwise disposed of, and in each such instance explain the circumstance surrounding an authorization of such disposition.

4. When used in reference to an occasion, event, meeting or conversation, "Identify" or "identification" means to state the date, place, duration and persons present, attending or participating.

5. In the event you object to any of these discovery requests on the basis of any claim of privilege, state the nature of and fully describe the basis of the privilege asserted. If your objection is based on a claim of attorney-client privilege, please provide a privilege log along with your responses.

H. **"Document"** or **"Documents"** shall mean all written, typed, printed, graphic or photographic matter, and video or sound reproductions of every kind or description, however produced or reproduced, whether drafted or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including but not limited to, written communications, electronic communications, letters, correspondence, memoranda, minutes, notes, drafts, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Defendant's possession, custody or control, or to which Defendant has, had, or can obtain access.

I. **"Relevant document"** shall mean each document which directly or indirectly constitutes, comments on, discusses, refers to, relates to, or contains information concerning the site where the incident made the basis of this suit occurred.

J. As used herein, **"relate"** or **"relating to"** when used with respect to a document, agreement, subject or fact, means reflecting, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

K. **"Communications"** means any transmission of thoughts, opinions, or information by speech, writing, electronic means, or signs.

## IN LIEU OF IDENTIFICATION

L. In lieu of identifying documents, you may supply the documents, or true and correct copies thereof, with your responses to the Requests for Production. The documents should be segregated or otherwise identified to reflect the number of the Requests for Production or Requests for Production to which the document is responsive.

## CUSTODY OR CONTROL

M.      If any document referred to in your responses to these Requests for Production was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred to others, identifying the recipient; and, describe (d) the circumstances surrounding any disposition of the document.

## TIME PERIOD

N.      Unless otherwise stated, each Interrogatory and Request for Production covers the entire time period from January 2, 2019 to present (hereinafter referred to as the "Period"). The response to each request shall include all documents relating to the period whether prepared before, during or after the period. Each Interrogatory and Request for Production, whether expressed in the present tense or otherwise, refers to the entire period. If any change took place during the period with respect to any of the information requested, the date and nature of such change would be set forth.

## PRIVILEGE

O.      Wherever any Interrogatory or Request for Production calls for the identity of a document or communication to which you claim privilege, include (1) the identification of such document or communication, (2) the dates of the communication or document, (3) the identity of the persons who were parties to the communications (4) the fact that you claim privilege and the basis asserted for such claim.

## GENERAL

P.      In responding to these Interrogatories and Requests for Production you are requested to furnish all information that is available, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents and other representatives, and not merely the information known by the individuals preparing this response.

Q.      If you are unable to respond to any of these Interrogatories and Request for Production fully and completely, after exercising due diligence to secure the information necessary to make such full and complete responses, so state, and in addition, respond to each such Interrogatory and Request for Production to the fullest extent possible, specifying your knowledge, and the reason for your inability to respond the remainder, and state whatever information or knowledge you may have concerning the responded portions thereof.

R.      Each of the following Interrogatories and Request for Production is a continuing one. If you later obtain, or become aware of, any further information pertaining to these Interrogatories and Requests for Production, you are requested to serve upon Plaintiff amended responses setting forth such information.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Dr., Suite 102
San Antonio, TX 78216
Telephone: (210) 444-4444
Facsimile:  (210) 870-1463
RonS@davislaw.com


By:   _/s/ Ron Salazar_
       **RON SALAZAR, OF COUNSEL**
       Texas Bar No. 00788341

**ATTORNEYS FOR PLAINTIFFS**

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NUMBER 1:
Please describe in detail the trip you were taking at the time of the incident made the basis of this lawsuit, including in your answer where you had been, your exact route of travel and your intended destination.

### INTERROGATORY NUMBER 2:
Please state the direction of travel, name of the roadway and lane of traffic your vehicle was traveling immediately before the collision in question.

### INTERROGATORY NUMBER 3:
Please describe in detail any and all warnings of any kind that you gave to Plaintiffs just prior to the collision made the basis of this lawsuit.

### INTERROGATORY NUMBER 4:
Please state everything you did in an attempt to avoid the collision in question.

### INTERROGATORY NUMBER 5:
Do you contend the condition of the roadway contributed to cause the collision in question because the roadway was altered due to natural or man-made conditions? If so, please describe each condition and every action you took to overcome or diminish the adverse effect of the condition.

### INTERROGATORY NUMBER 6:
Please explain, in your own words, your version of how and why the collision made the basis of this lawsuit occurred. Please include the factors and condition which you contend caused and/or contributed to cause the collision in question, whether they occurred or existed before, during or after the collision in question.

### INTERROGATORY NUMBER 7:
Do you contend that the Plaintiffs involved in the incident made the basis of this lawsuit in any way caused the incident made the basis of this lawsuit? If so, set out all the facts you contend supports your contention.

### INTERROGATORY NUMBER 8:
Do you contend that a third party and/or entity contributed to cause the collision made the basis of this lawsuit? If so, please set out the factual basis for your contention and identify the person and/or entity by name, address and telephone number.

### INTERROGATORY NUMBER 9:
Do you contend the vehicle which you were operating was not operating properly on the date of the incident made the basis of this lawsuit? If so, please itemize the deficiencies.

### INTERROGATORY NUMBER 10:
Please set out everything you heard the Plaintiffs say after the incident made the basis of this lawsuit.

**INTERROGATORY NUMBER 11:**
Please describe the actions of Plaintiffs after the incident made the basis of this lawsuit. Please include all of their actions, describing their entire conduct.

**INTERROGATORY NUMBER 12:**
Please identify the name, address and phone number of anyone you notified and/or contacted while at the scene of the collision.

**INTERROGATORY NUMBER 13:**
Please identify the name, address and phone number of anyone you claimed to have witnesses the collision in question.

**INTERROGATORY NUMBER 14:**
Did you make any reports regarding the collision made the basis of this lawsuit? If so, please identify the reports you made, to whom you gave them, and state where any such reports are currently located.

**INTERROGATORY NUMBER 15:**
Did you consume any alcohol, prescription medication and/or non-prescription medication and/or drug in the twenty-four (24) hours preceding the incident made the basis of this lawsuit? If so, please state the amount and type of alcoholic beverage you consumed and/or the name, type, quantity and/or dosage of any prescription medication, non-prescription medication and/or drug used by you.

**INTERROGATORY NUMBER 16:**
Were you in the course and scope of employment at the time of the incident in question? If so, set out your employer's name and address, your position, and how long you have held such position. Please indicate the same information for your previous employers for the past ten (10) years.

**INTERROGATORY NUMBER 17:**
Were you reprimanded, counseled and/or disciplined for the collision made the basis of this lawsuit? If so, please describe how you were reprimanded, counseled and/or disciplined.

**INTERROGATORY NUMBER 18:**
If you had an electronic device like a cell phone, iPad, tablet or some other wireless communication device in your vehicle at the time of the incident that forms the basis of this lawsuit, please identify:

     (a) The location of the device in your vehicle at the time of the subject incident;
     (b) The telephone number;
     (c) The service provider;
     (d) Whether you were using the device at the time of the crash or the five minutes preceding the crash; and
     (e) Whether you were operating and/or using the device at the time of the subject incident.

**INTERROGATORY NUMBER 19:**
Please identify training and education you have had concerning driving techniques and principles:
(a) While driving on behalf of French Trucking Inc.
(b) Before driving on behalf of French Trucking Inc.

**INTERROGATORY NUMBER 20:**
With regard to your employment history, please state the positions held, general job descriptions and lengths of employment.

**INTERROGATORY NUMBER 21:**
If you have been given a traffic citation or had your driver's license suspended in the last 10 years, please explain the circumstances surrounding same including the date and location.

**INTERROGATORY NUMBER 22:**
If you have been in a motor vehicle accident, please explain the circumstances surrounding same including the date, city, county, state where the accident occurred.

**INTERROGATORY NUMBER 23:**
Has a claim and/or lawsuit ever been brought against you claiming your acts and/or omissions while operating a motor vehicle caused personal and/or property damages? If so, please explain same, including the date, location, parties involved, cause number, style of the case, year, county and state where the incident occurred.

STATE OF_____                    §
                                                 §
                                                 §
                                                 §
COUNTY OF_____                     §

## VERIFICATION

      BEFORE ME, JOE FRITZ WENNMOLT, who represents himself to be qualified in all

respects to make this Verification, who being by me first duly sworn to tell the truth, says that he

has read Answers To Interrogatories one (1) through twenty-three (23), and states the answers are

true and correct.



                                     _____

                                     JOE FRITZ WENNMOLT

      SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  on  this  the  _____  day  of

_____, 2021, to certify which witness my official hand and seal of office.



                                     _____

                                     Notary Public, State of Texas

                                     My commission expires: _____

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NUMBER 1:
Produce any documents and/or tangible tings related to damage done to the vehicles involved in the incident made the basis of this lawsuit.

### REQUEST FOR PRODUCTION NUMBER 2:
Produce any documents and/or tangible things related to your use of the vehicle you were driving on the date of the incident made the basis of this lawsuit.

### REQUEST FOR PRODUCTION NUMBER 3:
Please produce any and all photographs, negatives, videotapes, and/or motion pictures which include and/or refer to the Plaintiff involved in the incident which is the basis of this lawsuit.

### REQUEST FOR PRODUCTION NUMBER 4:
Please produce a copy of any and all photographs, negatives, videotapes, motion pictures, diagrams, and/or maps of the scene of the incident made the basis of this lawsuit. This request seeks material demonstrating the scene as it existed prior to or subsequent to the incident made the basis of this lawsuit.

### REQUEST FOR PRODUCTION NUMBER 5:
Please produce a copy of any and all photographs, negatives, videotapes and/or motion pictures of any vehicles involved in the incident made the basis of this lawsuit. This specifically includes all photographs taken by automobile repair shops, adjusting companies and/or insurance companies before, during and/or after repair.

### REQUEST FOR PRODUCTION NUMBER 6:
Please produce a copy of any and all auto reports and/or repair reports, including, but not limited to, vehicle inspection reports, repair estimates, repair diaries and/or receipts for repairs of either a mechanical nature and/or repairs involving the body and/or the interior of any vehicle involved in the incident made the basis of this lawsuit. This request includes a request for all types of repairs (breaking down labor and materials) as well as identifying by name, address and telephone number each person or business firm that provided said repairs and/or estimates.

### REQUEST FOR PRODUCTION NUMBER 7:
This shall constitute a formal written request, pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, for sufficient advance written notice of intent to use evidence of conviction. If any documentation exists to indicate that a particular person with knowledge of relevant facts has been convicted of a crime, please produce any such documentation supporting said allegation.

### REQUEST FOR PRODUCTION NUMBER 8:
Please produce a copy, both front and back, of all driver's licenses issued by every state and federal agency held by Defendant JOE FRITZ WENNMOLT for the past ten (10) years.

**REQUEST FOR PRODUCTION NUMBER 9:**
Please produce every statute, standard, ordinance, regulation, guideline, publication, or other safety document upon which you rely regarding any contention you may hold in this suit.

**REQUEST FOR PRODUCTION NUMBER 10:**
Please produce copies of any and all reports made by you or any individual, company, or government authority regarding the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 11:**
Please produce any mock-ups, models, or similar demonstrative or illustrative evidence which you believe is relevant to the Plaintiffs' or Defendants' claims.

**REQUEST FOR PRODUCTION NUMBER 12:**
Please produce any and all documents and/or agreements under which any person or entity in this lawsuit may be contending third party indemnification and/or contribution.

**REQUEST FOR PRODUCTION NUMBER 13:**
Please produce any and all medical records and medical bills of Plaintiffs in your possession and/or constructive possession.

**REQUEST FOR PRODUCTION NUMBER 14:**
If Defendant claims any documents or tangible things are privileged as having been made "in anticipation of litigation or in connection with the prosecution or defense of the pending lawsuit" pursuant to *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38 (Tex. 1989) and as modified by *National Tank Company v. Brotherton*, 851 S.W.2d 193 (Tex. 1993), please produce any and all documents and tangible items which Defendant relies upon in establishing the date said privilege attached.

**REQUEST FOR PRODUCTION NUMBER 15:**
Please produce investigative documents which were made, procured, or generated prior to any date that this Defendant claims privilege attached to said items as having been made "in anticipation of litigation or in connection with the prosecution or defense of the pending lawsuit." Please *see Flores v. Fourth Court of Appeals*, 777 S.W.2d 38 (Tex. 1989) and as modified by *National Tank Company v. Brotherton*, 851 S.W.2d 193 (Tex. 1993).

**REQUEST FOR PRODUCTION NUMBER 16:**
Please produce all copies of investigation documentation, reports, or memoranda made by or submitted to Defendant as a result of the incident and injuries which have been made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 17:**
Please produce all documents and tangible things pertaining to any contracts, releases, or settlement agreements reached with any person or individual relating to the collision, incident, and injuries made the subject of this lawsuit, or a party or potential party to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 18:**

Please produce all documents and tangible things pertaining to any notice, correspondence, or judgment of suspension, cancellation, revocation, surrender, or other action or proposed action with regard to any driver's license ever held by Defendant JOE FRITZ WENNMOLT.

**REQUEST FOR PRODUCTION NUMBER 19:**

Please produce any and all documents reflecting the ownership of the vehicle you were driving at the time of the collision which forms the basis of this cause of action. This request includes but is not limited to copy of the title, registration, and/or bills of sale.

**REQUEST FOR PRODUCTION NUMBER 20:**

Please produce any and all insurance policies including but not limited to liability policies, excess coverage policies and/or umbrella policies reflecting coverage on the vehicle you were driving at the time of the collision which forms the basis of this cause of action.

**REQUEST FOR PRODUCTION NUMBER 21:**

Please produce documents evidencing any communication between the Defendants including Defendants' agents, employees and representatives.

**REQUEST FOR PRODUCTION NUMBER 22:**

Please produce a copy of Defendant JOE FRITZ WENNMOLT'S personal cell phone bill for the time period when the collision in question occurred?

**REQUEST FOR PRODUCTION NUMBER 23:**

Please produce a copy of Defendant JOE FRITZ WENNMOLT'S radio transmission records for the time period when the collision in question occurred?

**REQUEST FOR PRODUCTION NUMBER 24:**

Please produce a copy of the contents in the envelope in the glove compartment in the vehicle Defendant JOE FRITZ WENNMOLT was driving on the date of the collision in question.

**REQUEST FOR PRODUCTION NUMBER 25:**

Please produce a copy of the contents in the envelope in the glove compartment in the vehicle Defendant JOE FRITZ WENNMOLT was driving on the date of the collision in question.

**REQUEST FOR PRODUCTION NUMBER 26:**

Please produce a copy of any of Defendant JOE FRITZ WENNMOLT'S work orders for the day the collision occurred.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:
Do you admit to the judge and jury that JOE FRITZ WENNMOLT was in the course and scope of his employment with French Trucking Inc. at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 2:
Do you admit to the judge and jury that JOE FRITZ WENNMOLT was not in the course and scope of his employment with French Trucking Inc. at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 3:
Do you admit to the judge and jury that JOE FRITZ WENNMOLT was negligent in the operation of the vehicle he was driving immediately prior to the collision?

### REQUEST FOR ADMISSION NO. 4:
Do you admit to the judge and jury that JOE FRITZ WENNMOLT was not negligent in the operation of the vehicle he was driving immediately prior to the collision in question?

### REQUEST FOR ADMISSION NO. 5:
Do you admit to the judge and jury that CLAUDIA CONSUELO MORALES did contribute to the cause of the collision?

### REQUEST FOR ADMISSION NO. 6:
Do you admit to the judge and jury that CLAUDIA CONSUELO MORALES did not in any way contribute to the cause of the collision?

### REQUEST FOR ADMISSION NO. 7:
Do you admit to the judge and jury that CLAUDIA CONSUELO MORALES' injuries were proximately caused by the incident in question?

### REQUEST FOR ADMISSION NO. 8:
Do you admit to the judge and jury that CLAUDIA CONSUELO MORALES' injuries were not proximately caused by the incident in question?

### REQUEST FOR ADMISSION NO. 9:
Do you admit to the judge and jury that RENE BLUM'S injuries were proximately caused by the incident in question?

### REQUEST FOR ADMISSION NO. 10:
Do you admit to the judge and jury that RENE BLUM'S injuries were not proximately caused by the incident in question?

### REQUEST FOR ADMISSION NO. 11:
Do you admit to the judge and jury that you gave French Trucking Inc.'s insurance company a recorded statement of how the collision in question happened.

## **REQUEST FOR ADMISSION NO. 12:**

Do you admit to the judge and jury that you did not give French Trucking Inc.'s insurance company a recorded statement of how the collision in question happened.

# EXHIBIT "B"

CAUSE NO. _____

| | | |
|---|---|---|
| CLAUDIA CONSUELO MORALES<br>AND RENE BLUM | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |
| JOE FRITZ WENNMOLT AND<br>FRENCH TRUCKING INC. | §<br>§<br>§ | WEBB COUNTY, TEXAS |

## EXHIBIT B - PLAINTIFFS' FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FRENCH TRUCKING INC.

TO:   Defendant French Trucking Inc.
      by and through its registered agent:
      Rickey French
      160 Bud Crocket Drive
      Lexington, Tennessee 38351

Now comes Plaintiffs', pursuant to TEX. R. CIV. P. 196, 197 and 198, and serves the following First Set of Interrogatories, First Requests for Production and First Request for Admissions to Defendant FRENCH TRUCKING INC. These requests are being served upon Defendant and Defendant is notified that Plaintiff specifies that the Answers, Responses and Objections shall be served on the first business day after the expiration of fifty (50) days after the service of said First Set of Interrogatories, First Requests for Production and First Request for Admissions. Defendant is advised that absent a signed agreement filed of record in this cause, no agreement extending the time for objecting to discovery will be allowed, and said objections shall be considered waived.

Defendant is to provide responses and produce documents requested for the purposes of this action only, and subject to all pertinent objections to admissibility which may be interposed at

trial. If no denial is made within fifty (50) days after the receipt hereof, the request will be deemed admitted under the provisions of the Texas Rules of Civil Procedure.

**PLEASE NOTE THAT THE FOLLOWING DEFINITIONS AND INSTRUCTIONS ARE AN INTEGRAL PART OF THESE INTERROGATORIES AND REQUEST FOR PRODUCTION**

## DEFINITIONS AND INSTRUCTIONS

A. As used in this document **"Plaintiffs"** shall mean **CLAUDIA CONSUELO MORALES** and **RENE BLUM.**

B. As used in this document **"You"**, **"Your"** or **"Defendant"** shall mean **FRENCH TRUCKING INC.**

C. As used in this document, **"incident" or "collision"** shall mean the collision as described in Plaintiffs' latest live pleading.

D. As used in this document, **"location"** shall mean the particular place or position of items being referenced in the request.

E. The term **"person"** includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

F. The masculine gender as used herein includes the feminine and neuter genders.

G. **"Identify" or "Identification"** means:

 1. When used in reference to a natural person, "identify" or "identification" means to state his or her full name and present or last known address, present employer (if employed by the party to whom these interrogatories are directed, then identify the particular organization for whom he or she works), present business address, present occupational title and position, his or her past or present affiliation with the party to whom these interrogatories are directed, each former position or title held with the party to whom these interrogatories are directed during the applicable time period, specifying in each instance the title or position and the dates so held.

 2. When used in reference to a person who is not a natural person (e.g., a public or private corporation, partnership, association, or other organization, or a governmental agency) give its full name and present or last known business address of its principle place of business and principle business activity.

3.     When used in reference to a document, "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identify of each of its present custodians and shall include documents with respect to which a privilege is or may be claimed. If such document was, but no longer is, in your possession or subject to our control, state whether it is (a) missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; (d) otherwise disposed of, and in each such instance explain the circumstance surrounding an authorization of such disposition.

4.     When used in reference to an occasion, event, meeting or conversation, "Identify" or "identification" means to state the date, place, duration and persons present, attending or participating.

5.     In the event you object to any of these discovery requests on the basis of any claim of privilege, state the nature of and fully describe the basis of the privilege asserted. If your objection is based on a claim of attorney-client privilege, please provide a privilege log along with your responses.

H.     **"Document"** or **"Documents"** shall mean all written, typed, printed, graphic or photographic matter, and video or sound reproductions of every kind or description, however produced or reproduced, whether drafted or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including but not limited to, written communications, electronic communications, letters, correspondence, memoranda, minutes, notes, drafts, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Defendant's possession, custody or control, or to which Defendant has, had, or can obtain access.

I.     **"Relevant document"** shall mean each document which directly or indirectly constitutes, comments on, discusses, refers to, relates to, or contains information concerning the site where the incident made the basis of this suit occurred.

J.     As used herein, **"relate"** or **"relating to"** when used with respect to a document, agreement, subject or fact, means reflecting, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

K.     **"Communications"** means any transmission of thoughts, opinions, or information by speech, writing, electronic means, or signs.

## IN LIEU OF IDENTIFICATION

L.     In lieu of identifying documents, you may supply the documents, or true and correct copies thereof, with your responses to the Requests for Production. The documents should be segregated or otherwise identified to reflect the number of the Requests for Production or Requests for Production to which the document is responsive.

## CUSTODY OR CONTROL

M.     If any document referred to in your responses to these Requests for Production was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred to others, identifying the recipient; and, describe (d) the circumstances surrounding any disposition of the document.

## TIME PERIOD

N.     Unless otherwise stated, each Interrogatory and Request for Production covers the entire time period from January 2, 2019 to present (hereinafter referred to as the "Period"). The response to each request shall include all documents relating to the period whether prepared before, during or after the period. Each Interrogatory and Request for Production, whether expressed in the present tense or otherwise, refers to the entire period. If any change took place during the period with respect to any of the information requested, the date and nature of such change would be set forth.

## PRIVILEGE

O.     Wherever any Interrogatory or Request for Production calls for the identity of a document or communication to which you claim privilege, include (1) the identification of such document or communication, (2) the dates of the communication or document, (3) the identity of the persons who were parties to the communications (4) the fact that you claim privilege and the basis asserted for such claim.

## GENERAL

P.     In responding to these Interrogatories and Requests for Production you are requested to furnish all information that is available, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents and other representatives, and not merely the information known by the individuals preparing this response.

Q.     If you are unable to respond to any of these Interrogatories and Request for Production fully and completely, after exercising due diligence to secure the information necessary to make such full and complete responses, so state, and in addition, respond to each such Interrogatory and Request for Production to the fullest extent possible, specifying your knowledge, and the reason for your inability to respond the remainder, and state whatever information or knowledge you may have concerning the responded portions thereof.

R.      Each of the following Interrogatories and Request for Production is a continuing one. If you later obtain, or become aware of, any further information pertaining to these Interrogatories and Requests for Production, you are requested to serve upon Plaintiff amended responses setting forth such information.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Dr., Suite 102
San Antonio, TX 78216
Telephone: (210) 444-4444
Facsimile:   (210) 870-1463
RonS@davislaw.com

By:    _/s/ Ron Salazar_
        **RON SALAZAR, OF COUNSEL**
        Texas Bar No. 00788341

**ATTORNEYS FOR PLAINTIFFS**

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the full name, address, job title and employer of each person answering and assisting in answering these interrogatories on behalf of Defendant FRENCH TRUCKING INC.

**INTERROGATORY NO. 2:**
Please describe in detail all observations of Plaintiff at the scene of the collision by any employees, agents, or servants of Defendant FRENCH TRUCKING INC.

**INTERROGATORY NO. 3:**
Please identify to whom, when and what was said by Defendant JOE FRITZ WENNMOLT when he reported the incident to Defendant FRENCH TRUCKING INC. and Defendant JOE FRITZ WENNMOLT reduced to writing how the collision happened, please set out that statement herein and/or alternatively attach a copy of same hereto.

**INTERROGATORY NO. 4:**
Please identify every instance where a claim and/or lawsuit has been made against Defendant FRENCH TRUCKING INC. for the last five (5) years involving motor vehicle collisions. Please identify the incident with sufficient detail, i.e., date, person(s) involved, location, if injuries took place and cause number if a formal lawsuit was filed.

**INTERROGATORY NO. 5:**
Please identify all industry and/or inter-company documents and/or videotapes and/or electronic recoding's of any kind and/or other training materials relating to the safe operation and/or use of vehicles available to drivers at FRENCH TRUCKING INC. for the last five years.

**INTERROGATORY NO. 6:**
Please list the dates and locations of all accident prevention and/or safety meetings relating to the safe operation of vehicles held by or at the direction of Defendant FRENCH TRUCKING INC. and who was responsible for presenting those meetings for the twelve (12) months prior to the collision in question.

**INTERROGATORY NO. 7:**
Please identify any document and/or tangible thing in the vehicle being driven by Defendant JOE FRITZ WENNMOLT that directed Defendant JOE FRITZ WENNMOLT what to do in case of a motor vehicle accident.

**INTERROGATORY NO. 8:**
Do you contend that Plaintiff CLAUDIA CONSUELO MORALES in any way caused the collision? If so, state specifically the action(s) and/or omission(s) that you contend caused the collision.

**INTERROGATORY NO. 9:**
Do you contend that any third party in any way caused the collision? If so, state specifically the action(s) and/or omission(s) that you contend caused the collision.

**INTERROGATORY NO. 10:**
Did any employee of Defendant FRENCH TRUCKING INC. go to the scene of the collision in response to Defendant JOE FRITZ WENNMOLT communicating that there had been a collision? If so, please identify that person and his title.

**INTERROGATORY NO. 11:**
Please identify every instance where a complaint was made as a result of Defendant JOE FRITZ WENNMOLT's driving in the past five years.

**INTERROGATORY NO. 12:**
Please list the time of all electronic messages of any kind including, but not limited to, emails, social media communications, text messages and phone calls sent to and received from Defendant JOE FRITZ WENNMOLT one (1) hour before the collision in question and one (1) hour after the collision in question.

**INTERROGATORY NO. 13:**
Please identify the name, address and title of the person or persons who were in charge of accident prevention, risk management and safety for Defendant FRENCH TRUCKING INC. at the time of the collision in question. Also, identify Defendant FRENCH TRUCKING INC.'s supervisor and the name of the person or persons responsible for training Defendant JOE FRITZ WENNMOLT in the operation of motor vehicles.

**INTERROGATORY NO. 14:**
Please identify and describe all statements made by any person <u>at the scene</u> on the day of the collision, to include, but not be limited to, the parties, health care providers, witnesses, police officers, etc.

**INTERROGATORY NO. 15:**
Has Defendant JOE FRITZ WENNMOLT's employment with Defendant FRENCH TRUCKING INC. been terminated? If so, please list the reasons for the termination.

**INTERROGATORY NO. 16:**
Was Defendant JOE FRITZ WENNMOLT reprimanded and/or disciplined for the collision made the basis of this lawsuit? If so, please describe how and why he was reprimanded and/or disciplined.

**INTERROGATORY NO. 17:**
Please specifically identify any document and/or tangible thing which is missing from Defendant JOE FRITZ WENNMOLT's employment file and driver qualification file which you are being asked to produce.

## INTERROGATORY NO. 18:

Did you report this collision to any governmental entity? If so, please identify who made the report, who the report was made to, the material substance of the report, and when the report was communicated.

STATE OF _____          §
                                 §          **VERIFICATION**
                                 §
COUNTY OF_____       §

    BEFORE ME, the undersigned authority, on this day personally appeared

_____, known to me to be the person whose name is subscribed herein

below, who, after having been duly sworn, stated on his/her oath that he/she has read the foregoing

Answers to Plaintiffs' First Set of Interrogatories, that he/she is authorized to make, and did make,

the foregoing Answers to Plaintiff Rene Segura's First Set of Interrogatories on behalf of FRENCH

TRUCKING INC., and that the foregoing Answers to Plaintiffs' First Set of Interrogatories are

true and correct.

                         FRENCH TRUCKING INC.

                         By: _____

                         Printed Name: _____

                         Title: _____

    SUBSCRIBED AND SWORN TO BEFORE ME on this, the _____ day of

_____, 2021, to certify which witness my hand and seal of office.

                         _____

                         Notary Public, State of Texas

                         My commission expires: _____

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Plaintiff designates for production the report which Defendant JOE FRITZ WENNMOLT either filled out and/or assisted in filling out as part of his job responsibilities in order to inform his supervisor(s) how and why this collision took place.

**REQUEST FOR PRODUCTION NO. 2:**
Plaintiff produce all documents and/or tangible things pertaining to all claims and/or lawsuits that have been made against Defendant FRENCH TRUCKING INC. for the last ten (10) years involving motor vehicle collisions.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce all industry and/or intercompany documents, videotapes, and/or other training materials relating to the procedures of operation, maintenance or use of commercial vehicles, including the commercial vehicle involved in the collision. This request seeks to obtain those documents that set policy, procedure, rules and/or regulations as to operation, maintenance or use of vehicles and to reduce the risk of injury or death.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all photographs and motion pictures which relate to the incident, the scene, the vehicles, and/or the parties to this case or any other litigation concerning this collision.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce any and all documents and/or tangible things which list the dates and locations of all accident prevention and/or safety meetings relating to the safe operation of vehicles held by or at the direction of Defendant FRENCH TRUCKING INC. and which lists who was responsible for presenting those meetings for the twelve (12) months prior to the collision in question.

**REQUEST FOR PRODUCTION NO. 6:**
Please produce all documents relating to accident-reporting procedure at Defendant FRENCH TRUCKING INC. at the time the collision made the basis of this lawsuit occurred. This request seeks to obtain documents that reflect how a collision was to be reported and investigated.

**REQUEST FOR PRODUCTION NO. 7:**
Please produce copies of all documents and/or other tangible things which were in the vehicle Defendant FRENCH TRUCKING INC. was driving at the time of the collision made the basis of this suit which were and/or are to be utilized for the purposes of communicating how and why the collision took place.

**REQUEST FOR PRODUCTION NO. 8:**
Please produce any and all document and/or tangible thing which evidences any and all complaints made as a result of Defendant JOE FRITZ WENNMOLTs's driving.

**REQUEST FOR PRODUCTION NO. 9:**
Please produce all files maintained by Defendant FRENCH TRUCKING INC. that relate to motor vehicle accidents Defendant JOE FRITZ WENNMOLT has been involved in and are kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 10:**
Please produce any document and/or tangible thing which communicated how and why Defendant JOE FRITZ WENNMOLT was reprimanded and/or disciplined.

**REQUEST FOR PRODUCTION NO. 11:**
Please produce any document and/or tangible thing which communicated how and why Defendant JOE FRITZ WENNMOLT's employment with Defendant FRENCH TRUCKING INC. was terminated and the reasons for the termination.

**REQUEST FOR PRODUCTION NO. 12:**
Please produce Defendant JOE FRITZ WENNMOLT's complete employment file.

**REQUEST FOR PRODUCTION NO. 13:**
Please attach hereto a copy of all written material used by Defendant JOE FRITZ WENNMOLT regarding operation of vehicles, including, but not limited to, all material concerning defensive driving, operation and use of vehicles, and procedures to be followed in case of an accident. This request includes any and all standard operating procedures which discuss or intimate the manner in which a vehicle should be driven, either in existence at the time of the incident made the basis of this lawsuit or subsequent thereto.

**REQUEST FOR PRODUCTION NO. 14:**
Please produce any mock-ups, models, or similar demonstrative evidence which you intend on using at trial.

**REQUEST FOR PRODUCTION NO. 15:**
Please produce any document reflecting those safety organizations which deal with the safe operation of motor vehicles of which you are a member.

**REQUEST FOR PRODUCTION NO. 16:**
Please produce an entire copy of all investigative files prepared in the ordinary course of business that you or anyone acting on your behalf have or know of from the date of the collision made the basis of this suit to the date suit was filed.

**REQUEST FOR PRODUCTION NO. 17:**
As to Defendant JOE FRITZ WENNMOLT, produce a copy of the following documents:

        a.      record of all driving tests;
        b.      record of all written tests;
        c.      record of disciplinary action;
        d.      driver's qualification file;
        e       driving records;

      f.      records of all motor vehicle incidents/collisions while working for or with Defendant FRENCH TRUCKING INC. This request includes any documents that identify any collisions (actual or alleged) that he was involved in; and

      g.     his original application for employment.

## REQUEST FOR PRODUCTION NO. 18:

Please produce the results of any blood and/or urine tests pertaining to Defendant JOE FRITZ WENNMOLT.

## REQUEST FOR PRODUCTION NO. 19:

Please produce all internal memoranda and/or writings made subsequent to this incident that relate to any changes and/or actions taken as a result of this incident in the manner or method in which the vehicles are operated, driven and/or repaired at Defendant FRENCH TRUCKING INC. This request includes documents concerning the manner and method in which vehicles are operated and/or procedures used at the place where the collision occurred to reduce or minimize the risk of collision. (This request does not seek documents authored by legal counsel which give legal advice confidentially made and intended to remain confidential.)

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documents referring to any corrective action or subsequent remedial measures taken by Defendant FRENCH TRUCKING INC. as a result of this incident.

## REQUEST FOR PRODUCTION NO. 21:

Please produce a copy of all documents, policies, procedures, forms, checklists and evaluations which pertain to the following:

      a.     accident analysis worksheets and/or evaluations;

      b.     safety management;

      c.     pre-trip inspection;

      d.     driver qualifications;

      e.     driving task evaluations;

      f.     vehicle condition evaluation;

      g.     driver performance;

      h.     drinking and substance abuse;

      i.     evaluation of illness and/or fatigue

      j.     safety supervision;

      k.     company driver manuals;

      l.     preventive maintenance and/or inspection procedures;

      m.    driver inspection reports and/or procedures; and

      n.     evaluation of vehicle brake performance.

## REQUEST FOR PRODUCTION NO. 22:

Please produce all documents and/or tangible things provided to applicants that seek employment and/or new employees with Defendant FRENCH TRUCKING INC. This request includes

documents and/or tangible things used from 2009 to the present. This request includes, but is not limited to:

    a.    explanation of the program and the opportunities that exist with Defendant FRENCH TRUCKING INC.;
    b.    employment applications;
    c.    physical exam information and/or sheets;
    d.    information about training and/or safety; and
    e.    employee manuals.

## REQUEST FOR PRODUCTION NO. 23:

Please produce any manuals, memos or similar documents provided or used by Defendant FRENCH TRUCKING INC. which explain or refer to the following:

    a.    job descriptions of drivers;
    b.    what types of applicants are sought;
    c.    orientation process;
    d.    factors to check concerning qualification or disqualification for driving;
    e.    rules and regulations concerning termination or cancellation of employee and/or contract drivers;
    f.    involvement in accidents; and
    g.    safe operation of vehicles.

## REQUEST FOR PRODUCTION NO. 24:

Please produce a copy of the contract of employment that would govern the relationship between Defendant FRENCH TRUCKING INC. and Defendant JOE FRITZ WENNMOLT or bear on the issue of the scope of employment.

## REQUEST FOR PRODUCTION NO. 25:

Please produce a copy of the employee manual being utilized on the date of this incident.

## REQUEST FOR PRODUCTION NO. 26:

Please produce the pre-trip inspection form for the day of the accident in question.

## REQUEST FOR PRODUCTION NO. 27:

Please produce the radio transmission records for the day of the accident in question.

## REQUEST FOR PRODUCTION NO. 28:

All tangible reports, physical models, compilations of data, and other materials prepared by a consulting expert, or reviewed by any consulting expert. For the purposes of this Request, the term "consulting expert" refers to those consulting experts whose mental impressions or opinions have been reviewed by a testifying or for an expert.

## REQUEST FOR PRODUCTION NO. 29:

Material prepared by a consulting expert in anticipation of litigation and reviewed by a testifying expert that forms a basis either in whole or in part of the mental impressions or opinions of an

expert who is to be called as a witness. For the purposes of this Request, the term 'consulting expert" refers to those consulting experts whose mental impressions or opinions have been reviewed by a testifying expert or for an expert.

## REQUEST FOR PRODUCTION NO. 50:

The recordation and reduction to tangible form of all factual observations, tests, supporting data, calculations, photographs or opinions of any consulting expert Defendant designates in this matter. For the purposes of this Request, the term "consulting expert" refers to those consulting experts whose mental impressions or opinions have been reviewed by a testifying expert or for an expert

## REQUEST FOR PRODUCTION NO. 31:

Any and all records, documents, or notes reflecting tangible reports, physical models, compilations of data, observations, tests, supporting data, calculations, photographs, and opinions of any consulting expert witness Defendant designates in this matter. For the purposes of this Request, the term "consulting expert" refers to those consulting experts whose mental impressions or opinions have been reviewed by a testifying expert or for an expert.

## REQUEST FOR PRODUCTION NO. 32:

Any and all of Plaintiff CLAUDIA CONSUELO MORALES' medical records and/or bills in your possession and/or constructive possession.

## REQUEST FOR PRODUCTION NO. 33:

Any and all of Plaintiff RENE BLUM's medical records and/or bills in your possession and/or constructive possession.

## REQUEST FOR PRODUCTION NO. 34:

Any and all document and/or tangible thing obtained by way of an authorization and by deposition by written questions in this lawsuit.

## REQUEST FOR PRODUCTION NO. 35:

Any and all reports and/or citations and/or findings of any governmental and/or quasi-governmental entity pertaining to the accident made the basis of this suit.

## REQUEST FOR PRODUCTION NO. 36:

Copies of any and all rules, regulations, statutes, guidelines, codes or standards which Defendant contends that Plaintiff CLAUDIA CONSUELO MORALES failed to comply with regarding the incident made the basis of this suit.

## REQUEST FOR PRODUCTION NO. 37:

Please produce any compromise settlement agreements, covenants not to sue, hold harmless agreements, indemnity agreements, Mary Carter agreements, high-low agreements, agreements concerning presentation of testimony, an agreement to exchange and/or collaborate on jury strikes at the trial of this cause and/or collaboration of strategy of the case and/or argument of the case, or any other similar type of arrangement or understanding with any other parties to this suit or anyone not a party to this suit concerning this litigation.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:
Do you admit to the Judge and Jury that at the time of the collision JOE FRITZ WENNMOLT was in the course and scope of his employment for FRENCH TRUCKING INC. when the collision in question occurred?

### REQUEST FOR ADMISSION NO. 2:
Do you admit to the Judge and Jury that at the time of the collision JOE FRITZ WENNMOLT was not in the course and scope of his employment for FRENCH TRUCKING INC. when the collision in question occurred?

### REQUEST FOR ADMISSION NO. 3:
Do you admit to the Judge and Jury that FRENCH TRUCKING INC. controlled the vehicle being driven by JOE FRITZ WENNMOLT at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 4:
Do you admit to the Judge and Jury that FRENCH TRUCKING INC. did not control the vehicle being driven by JOE FRITZ WENNMOLT at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 5:
Do you admit to the Judge and Jury that JOE FRITZ WENNMOLT was driving on a route designated to him by FRENCH TRUCKING INC. at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 6:
Do you admit to the Judge and Jury that JOE FRITZ WENNMOLT was not driving on a route designated to him by FRENCH TRUCKING INC. at the time of the collision in question?

### REQUEST FOR ADMISSION NO. 7:
Do you admit to the Judge and Jury that JOE FRITZ WENNMOLT was negligent in the operation of the vehicle he was driving immediately prior to the collision?

### REQUEST FOR ADMISSION NO. 8:
Do you admit to the Judge and Jury that JOE FRITZ WENNMOLT was not negligent in the operation of the vehicle he was driving immediately prior to the collision?

### REQUEST FOR ADMISSION NO. 9:
Do you admit to the Judge and Jury that the collision was a proximate cause of the injuries sustained by Plaintiff CLAUDIA CONSUELO MORALES?

### REQUEST FOR ADMISSION NO. 10:
Do you admit to the Judge and Jury that the collision was not a proximate cause of the injuries sustained by Plaintiff CLAUDIA CONSUELO MORALES?

**REQUEST FOR ADMISSION NO. 11:**
Do you admit to the Judge and Jury that the collision was a proximate cause of the injuries sustained by Plaintiff RENE BLUM?

**REQUEST FOR ADMISSION NO. 12:**
Do you admit to the Judge and Jury that the collision was not a proximate cause of the injuries sustained by Plaintiff RENE BLUM?

# Affidavit of Process Server

Oscar J. Hale Jr. State Dist. Judge 406th Judicial Dist. Court Laredo TX. 78040
(NAME OF COURT)

Claudia Consuelomoretos/s          Joe Fritz WennMolts/French Trucking   2D20CU ACE
                                                                        226604
PLAINTIFF/PETITIONER          DEFENDANT/RESPONDENT          CASE NUMBER

I Richard Stanll 407, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** ☑served ☐was unable to serve : Ricky French / French Trucking
NAME OF PERSON TO BE SERVED

with (list documents) _____

by leaving with Christina Brantley   Secretary   At
NAME          RELATIONSHIP / POSITION

☐ Residence _____
ADDRESS          CITY / STATE

☑ Business 160 Bud Crockett Dr Lexington TN. 38357
ADDRESS          CITY / STATE

On Jan 26 2021 AT 2:56 pm
DATE          TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY          STATE          ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
DATE     TIME          DATE     TIME

(3) _____ (4) _____ (5) _____
DATE     TIME          DATE     TIME          DATE     TIME

**Description:.** Age_____ Sex_____ Race_____ Height_____ Weight_____ Hair_____ Beard_____ Glasses_____

Constable Richard Stanfill 407
170 Justice Drive
Lexington, TN 38351          SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 26 day of Jan, 2021, by _____,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _____

SERVE

2020CVA002266D4

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER
WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU
WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:   FRENCH TRUCKING INC      OR WHEREVER HE MAY BE FOUND
      BY SERVING ITS REGISTRED AGENT RICKY FRENCH
      160 BUD CROCKETT DR
      LEXINGTON TN  38351

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE
HEREBY COMMANDED TO APPEAR BEFORE THE 406th District Court** of Webb
County, Texas, to be held at the said courthouse of said county in the
city of Laredo, Webb County, Texas, by filing a written answer to the
Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday
next after the expiration of 20 days after the date of service
thereof, a copy of which accompanies this citation, in the Cause #:
2020CVA002266D4, styled:
          **CLAUDIA CONSUELO MORALES; RENE BLUM, PLAINTIFF**
                             **VS.**
      **JOE FRITZ WENNMOLTS; FRENCH TRUCKING INC, DEFENDANT**
Said Plaintiff's Petition was filed on 12/31/2020 in said court by:
      **RONALD J SALAZAR, ATTORNEY FOR PLAINTIFF**
      **700 N ST MARYS ST**
      **SAN ANTONIO TX  78205**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS,
Issued and given under my hand and seal of said court at office,
on this the 15th day of January, 2021.

          C  L  E  R  K    O  F    C  O  U  R  T

                              ESTHER DEGOLLADO
                              WEBB COUNTY DISTRICT CLERK
                              P.O. BOX 667
                              LAREDO, TX 78042
                         BY:                        DEPUTY
                              Laura Renteria

2020CVA002266D4

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2021 at
_____ O'CLOCK _____.M. Executed at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2021, by delivering to the within named
**FRENCH TRUCKING INC**, each, in person, a true copy of this
citation together with the accompanying copy of the petition,
having first attached such copy of such petition to such copy of
citation and endorsed on such copy of citation the date of
delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation      $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                    DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the _____
day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____